UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. REED,<br><br>   Petitioner,<br><br>v.<br><br>STEVE LANGFORD,<br><br>   Respondent. | Case No. CV 17-5190 JLS(JC)<br><br>ORDER (1) CONSTRUING PETITION AS 28 U.S.C. § 2255 MOTION; AND (2) DISMISSING PETITION AND ACTION WITHOUT PREJUDICE |

**I.   SUMMARY**

On July 13, 2017, petitioner Vincent E. Reed, a federal inmate proceeding *pro se*, who is in the custody in the Central District of California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("Petition") with a supporting memorandum ("Petition Memo"). The Petition was subsequently supplemented with exhibits ("Petition Exhibits"). Petitioner challenges a sentence imposed in the United States District Court for the District of Columbia ("D.C. District Court") in Case No. 1:03-cr-00560 ("D.C. Federal Case"), claiming that his prior drug convictions were improperly used to enhance his sentence and to deem him a career offender under the United States Sentencing Guidelines.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this Court construes the Petition to be a motion under 28 U.S.C.§ 2255 ("Section 2255") to vacate, set aside, or correct the sentence imposed in the D.C. Federal Case, and dismisses the Petition and this action without prejudice because the Court lacks jurisdiction.

## II.     BACKGROUND[1]

On December 15, 2005, a jury found petitioner guilty of armed bank robbery, armed carjacking, and destruction of property in the D.C. Federal Case. The D.C. District Court initially sentenced petitioner to a total of 327 months imprisonment, based on a total offense level of 34 (increased from 30 to 34 because petitioner was deemed to be a career offender due to the instant conviction involving a crime of violence and his two prior felony drug convictions[2]), a criminal history category of VI, and a guideline range of 262 to 327 months. The D.C. District Court subsequently granted petitioner's motion to correct sentence pursuant to Fed. R. Civ. P. 35 because the 327-month sentence exceeded the statutory maximum, and on April 5, 2006, resentenced petitioner to a total of 300 months imprisonment.

///

---

[1] Unless otherwise indicated, the facts in this section are derived from the Petition, the Petition Memo, the Petition Exhibits, and court records in the D.C. District Court in the D.C. Federal Case and in the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") in Case Nos. 06-3048 ("First D.C. Circuit Action"), 09-3125 ("Second D.C. Circuit Action") and 16-3036 ("Third D.C. Circuit Action"), of which this Court takes judicial notice. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

[2] On April 14, 1990, petitioner was arrested after selling crack cocaine to an undercover police officer, and subsequently pleaded guilty to attempted distribution of a controlled substance and received one year of probation. Later in 1990, petitioner pleaded guilty to attempted possession of a controlled substance with intent to distribute and was sentenced to 30-90 months imprisonment to be served concurrently with the 24-72 month sentence imposed when his probation was revoked.

Petitioner appealed to the D.C. Circuit on three grounds, contending that (1) the trial court erred by admitting his allegedly involuntary conviction into evidence; (2) the prosecutor committed misconduct in closing argument; and (3) the trial court mischaracterized his criminal history and failed to consider mitigating evidence during sentencing. On April 8, 2008, the D.C. Circuit affirmed the amended judgment in the First D.C. Circuit Action.

On August 21, 2009 – after initially being denied leave to file an unsigned version thereof – petitioner filed a motion under Section 2255 to vacate, set aside, or correct sentence by a person in federal custody ("First Section 2255 Motion"), asserting four ineffective assistance of counsel claims. On August 27, 2009, the D. C. District Court denied the First Section 2255 Motion as untimely. On March 5, 2010, the D.C. District Court denied petitioner's request for reconsideration. Petitioner appealed to the D.C. Circuit which denied his motion for a certificate of appealability in the Second D.C. Circuit Action on October 20, 2010.

On September 5, 2013, petitioner filed a motion to reopen and recall the mandate, seeking to have the D.C. District Court consider the merits of the First Section 2255 Motion. On February 3, 2014, petitioner filed a motion to amend/supplement the motion to reopen and recall the mandate. The motion to amend/supplement argued that petitioner should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because prior felony convictions for *attempted* drug offenses (see supra note 2) were not proper career offender predicates. He further argued that his trial counsel was ineffective in failing to so argue. On July 14, 2015, the D.C. District Court determined that the claims asserted in the First Section 2255 Motion and the motion to amend/supplement the motion to reopen and recall the mandate were meritless, denied them on the merits, and denied petitioner's motion to reopen and recall the mandate as moot. As to petitioner's claim that his prior attempt convictions were not proper predicates for

a career offender determination, the D.C. District Court pointed out that a commentary note to the governing version of U.S.S.G. § 4B1.2 explained that for purposes of the career offender provisions, predicate controlled substance offenses included attempts to commit such offenses). Petitioner did not appeal such decision.

On May 31, 2016, petitioner filed an emergency motion for authorization to file a second or successive motion pursuant to Section 2255 in the Third D.C. Circuit Action. Petitioner alleged that his sentence as a career offender under U.S.S.G. § 4B1.1 was based on a determination that his offense of conviction qualified as a crime of violence under the residual clause in U.S.S.G. § 4B1.2(a)(2), which is identical to the residual clause held unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015). On June 15, 2016, the D.C. Circuit granted petitioner's emergency motion and directed that it be transmitted to the D.C. District Court and deemed a timely "abridged" motion pursuant to Section 2255, but expressed no opinion as to the merits of petitioner's claim. Such "abridged" motion ("Second Section 2255 Motion") was filed in the D.C. Federal Case on June 16, 2016. On June 9, 2017, petitioner requested that the D.C. District Court withdraw the Second Section 2255 Motion. On June 13, 2017, the D.C. District Court granted such request and dismissed the Second Section 2255 Motion without prejudice.

As noted above, petitioner filed the Petition in the instant action on July 13, 2017. He again challenges the sentence imposed in the D.C. Federal Case, but on a different ground than that asserted in the Second Section 2255 Motion. Here, he makes an argument similar to the one asserted in the motion to amend/supplement the motion to reopen and recall the mandate which was denied by the D.C. District Court without appeal. Petitioner argues – assertedly based on Mathis v. United

///
///

States, 136 S. Ct. 2243 (2016),[3] which he claims "elucidated the holding in Johnson" (Petition Memo at 2) – that his prior convictions for attempted drug offenses (see supra note 2) were not proper predicates for the career offender determination under the Sentencing Guidelines because the elements thereof are broader than those of the listed predicate generic offenses encompassed within the Sentencing Guidelines' definition of a "controlled substance offense."

On October 20, 2017, petitioner filed a letter in the D.C. Federal Case which the D.C. District Court construed to be a request for a reduction of sentence based on a mandatory, rather than an advisory application of the Sentencing Guidelines. On November 3, 2017, the D.C. District Court denied such motion.

## III. DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 ("Section 2241") in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (citing and quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007)), cert. denied, 568 U.S. 1173

---

[3]Mathis addressed the proper contours of the "categorical approach" in evaluating whether an earlier criminal conviction can serve as a basis for a sentencing enhancement. Pursuant to the "categorical approach," if all the elements of a state criminal statute match or comprise less conduct than the elements of the federal generic offense, the sentencing enhancement can apply, whereas, if the elements of the state criminal statute are broader, covering more potential conduct than the conduct required by the elements of the federal generic offense, then the sentencing enhancement does not apply. See United States v. Chavez-Cuevas, 862 F.3d 729, 738 (9th Cir. 2017) (discussing Mathis).

5

2013). The "inadequate or ineffective" exception is narrow. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir.) (as amended) (citation omitted), <u>cert. denied</u>, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. <u>Id.</u> (citation omitted); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000); <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1178 (2000).

The present Petition falls squarely within the purview of Section 2255 because petitioner seeks to challenge the validity of his sentence. See <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive 2255 motions."). Accordingly, it does not fall within this Court's Section 2241 jurisdiction unless petitioner can meet the criteria of the "savings clause," *i.e.*, unless he can show that a Section 2255 motion is inadequate or ineffective to test the legality of his detention.

Nothing in the record reflects that a Section 2255 motion is an inadequate or ineffective remedy and petitioner has not so demonstrated. See <u>Jackson v. Slade</u>, 2004 WL 1083351 *2 (C.D. Cal.) (Matz, J.) (burden of coming forward with evidence to show inadequacy or ineffectiveness of motion under section 2255 rests squarely on petitioner) (citing <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.), <u>cert. denied</u>, 534 U.S. 1001 (2001)). Indeed, the D.C. Circuit granted petitioner leave to proceed in the D.C. District Court with the Second 2255 Motion which asserted a different sentencing claim. Petitioner has not even attempted to seek

///
///
///
///

leave from the D.C. Circuit to pursue his instant sentencing claim. Accordingly, the Court construes the Petition to be a Section 2255 motion.[4]

This Court does not have jurisdiction to consider such a Section 2255 motion because petitioner was not convicted or sentenced in this district. Accordingly, the present application must be either dismissed or transferred to the D.C. District Court where petitioner was convicted and sentenced. As noted above, petitioner has previously filed two Section 2255 motions challenging the judgment in issue. The present Petition/Section 2225 motion is thus successive and cannot be entertained by the D.C. District Court unless and until authorized by the D.C. Circuit.[5] It would thus be futile to transfer this action to the D.C. District Court for consideration as a Section 2255 motion. Therefore, the present Petition should be dismissed without prejudice for lack of jurisdiction. Petitioner's remedy is to again apply to the D.C. Circuit for leave to file a successive Section 2255 motion.

///
///
///
///
///

---

[4] As this is not petitioner's "first" Section 2255 motion, Castro v. United States, 124 S. Ct. 157 (2003) (court cannot recharacterize *pro se* litigant's motion as litigant's first Section 2255 motion unless court informs litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent Section 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw or to amend the filing) is not applicable.

[5] A search of the court's PACER system reflects that the Third D.C. Circuit Action is the last action petitioner filed in the D.C. Circuit and that the D.C. Circuit has not granted petitioner leave to file a second or successive petition other than the Second Section 2255 Motion which, as noted above, raises a different sentencing claim than the one asserted in the instant Petition and was dismissed at petitioner's request.

7

## IV. ORDERS

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion arising under Section 2255.
2. The Petition/Section 2255 motion and this action are dismissed without prejudice for lack of jurisdiction.
3. The Clerk is directed to enter Judgment accordingly.

IT IS SO ORDERED.

DATED: December 8, 2017

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE